IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| H. DEWAYNE WHITTINGTON * | |
|       Plaintiff, * | |
| v * | Civil Action No. WN-94-398 |
| * | |
| BOARD OF EDUCATION OF | |
| SOMERSET COUNTY, et al. * | |
|       Defendants * | |

\* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY**

**I.    INTRODUCTION**

In his *Motion to Enforce Consent Decree*, the plaintiff argued that the November 27, 1996 Consent Decree, <u>as it is currently written</u>, requires that the defendants rename the Carter G. Woodson Middle School as the H. DeWayne Whittington Primary School. Now, in his *Reply to Opposition to Plaintiff's Motions to Reopen Case and to Enforce Consent Decree*, plaintiff argues for the first time that the Consent Decree <u>should be modified</u> to require the renaming of the Carter G. Woodson Middle School as the H. DeWayne Whittington Elementary School. Accordingly, pursuant to Local Rule 105.2(a), because the plaintiff has raised a new argument in his reply memorandum, defendants should be permitted to file a surreply memorandum to address this new argument.

**II.   DISCUSSION**

Local Rule 105.2(a) provides that "[u]nless otherwise ordered by the Court, surreply memoranda are not permitted to be filed." However, [s]urreplies may be permitted when the moving party would be unable

to contest matters presented to the court for the first time in the opposing party's reply. *Lewis v. Rumsfeld*, 154 F.Supp.2d 56, 61 (D. D.C. 2001)." *Khoury v. Meserve*, 268 F.Supp.2d 660, 605 (D. Md. 2003), *aff'd*, 85 Fed.Appx. 960 (4th Cir. 2004). *See also*, *Glenmont Hill Associates v. Montgomery County, Maryland*, 291 F.Supp.2d 394, 396, n.1 (D. Md. 2003) (granting motion to file surreply "inasmuch as Defendants raised new arguments in their reply."); *The Standard Fire Insurance Company v. Proctor*, 286 F.Supp.2d 567, 568 (D. Md. 2003) (granting motion to file surreply where "Plaintiff introduced a new argument in its Reply which merited a response from Mr. Proctor.")

In his *Motion to Enforce Consent Decree*, plaintiff argued that the November 27, 1996 Consent Decree, <u>as it is currently written</u>, requires that defendants rename the Carter G. Woodson Middle School as the H. DeWayne Whittington Primary School. Defendants opposed that motion, arguing that the plain terms of the Consent Decree do not require that school to be renamed.

In his reply memorandum, plaintiff recognized the folly of his argument and he devoted just two paragraphs to the contention that the Consent Decree currently requires that the Carter G. Woodson Middle School be renamed for him. The bulk of plaintiff's reply memorandum, at pages three through eight, is devoted to his new argument that, pursuant to F.R.Civ.P. 60(b)(5), the Consent Decree <u>should be modified</u> to require that the Carter G. Woodson Middle School be renamed for him.

This is a new issue that was not presented in plaintiff's *Motion to Enforce Consent Decree*. In that motion, the plaintiff stated that the Board "cannot claim that there are changed circumstances that entitle it to relief from or modification of the Consent Decree under Rule 60(b)(5)." *Motion to Enforce Consent Decree*, para. 11. However, in his reply memorandum, plaintiff has abruptly changed course. Plaintiff now argues that "the Board has made out a textbook case of unforeseen circumstances justifying modification

of the Consent Decree under Rule 60(b)(5)" and that "the Court should find that there is a significant change in circumstances that warrants the modification of the Decree." Reply Memorandum, pp. 3, 5.

The defendants should be given the opportunity to address plaintiff's newly minted argument. The original issue presented by the plaintiff only concerned whether the defendants were in compliance with Consent Decree as it is currently written. Plaintiff's new argument, that the Consent Decree should be modified, requires a different analysis. As plaintiff's reply memorandum indicates, this analysis would include matters such as whether there has been a significant change in factual or legal circumstances warranting a revision of the decree, whether the changes were contemplated by the parties, and whether the proposed modification of the decree is suitably tailored to the changed circumstance.

The defendants believe that such an analysis will demonstrate that the plaintiff is not entitled to the relief he requests. Accordingly, defendants request that the Court permit them to file a surreply memorandum to address the new issue raised by plaintiff and that this surreply memorandum be submitted within ten days from the date of the Court's ruling on this motion.

### III. CONCLUSION

For the reasons stated herein, defendants request that it be permitted to file a surreply memorandum within ten days from the date of the Court's ruling on this motion.

Respectfully submitted,

_____/s/_____
Judith S. Bresler
Federal Bar No. 03481

        REESE AND CARNEY, LLP
        10715 Charter Drive
        Columbia, MD  21044
        (410) 740-4600


        _____/s/_____
        Eric C. Brousaides
        Federal Bar No. 12497
        REESE AND CARNEY, LLP
        10715 Charter Drive
        Columbia, MD  21044
        Phone: (410) 740-4600


        _____/s/_____
        Fulton P. Jeffers
        Federal Bar No. 00593
        REESE AND CARNEY, LLP
        124 E. Main Street
        P.O. Box 269
        Salisbury, MD  21044
        Phone: (410) 860-1888

        Counsel for Defendants